**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 22-4056

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN MILTON DAVIS, III,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00333-D-2)

---

Submitted:  March 21, 2023                    Decided:  March 23, 2023

---

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Milton Davis, III, pleaded guilty, without a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 kilograms or more of marijuana and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846; possession with intent to distribute a quantity of marijuana and a quantity of cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2; and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2. The district court sentenced Davis to concurrent terms of 72 months' imprisonment on the first two counts and a consecutive 60-month term on the third count, for a total sentence of 132 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although advised of his right to do so, Davis has not filed a supplemental pro se brief. The Government has declined to file a response brief.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). Because Davis did not move in the district court to withdraw his guilty

2

plea, we review the validity of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).

Our review of the plea colloquy confirms that the district court fully complied with Fed. R. Crim. P. 11 and properly concluded that Davis' plea was knowing, voluntary, and supported by a sufficient factual basis. Discerning no plain error, we conclude that Davis' guilty plea is valid.

As for Davis' sentence, we "review a sentence for reasonableness 'under a deferential abuse-of-discretion standard[]' . . . whether the sentence is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review encompasses both the sentence's procedural and substantive reasonableness. *Gall*, 552 U.S. at 51. After reviewing the record, we conclude that Davis' sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*